UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

WELLS FARGO BANK, NATIONAL
ASSOCIATION, AS TRUSTEE FOR
PARK PLACE SECURITIES, INC.,
ASSET-BACKED PASS-THROUGH
CERTIFICATES, SERIES 2005-WLL1,        No. SA-19-CV-00218-JKP

    Plaintiff,

v.

Debbie Marie Hurtado, James Farias
Garza,

    Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Wells Fargo Bank, National Association, as Trustee for Park Place Securities, Inc., Asset-Backed Pass-Though Certificates, Series 2005-WLL1's ("Wells Fargo") Motion for Summary Judgment seeking a declaration of its right to foreclose on the property that is the subject of this lawsuit. ECF No. 1. Defendants did not file a response. After due consideration, the Court concludes Wells Fargo's Motion for Summary Judgment for declaratory relief shall be GRANTED.

### FACTUAL AND PROCEDURAL BACKGROUND

The case arises out of the original borrower's, Armandina F. Garza, and her heirs' (Defendants Debbie Marie Hurtado and James Farias Garza) failure to make mortgage payments for the home located at 1718 Cincinnati Avenue, San Antonio, Texas 78201 ("property"). ECF No 1. On December 23, 2004, Armandina F. Garza ("Garza") executed a Texas Home Equity Note (Cash Out-Fixed Rate-First Lien) ("note"), which was payable to Argent Mortgage

1

Company, LLC ("Argent") and obligated her to repay the original principal sum of $88,000.00 plus interest of 6.650% per annum. *Id.*; ECF No 15-1 p. 7. On December 23, 2004, Garza executed a Texas Home Equity Security Instrument (First Lien), which granted a security interest in the property to Argent. *Id.*; ECF No. 15-1 p. 11. On December 28, 2015, Argent executed a Corporate Assignment Deed of Trust, which assigned and transferred Argent's interest in the property to Wells Fargo. *Id.*; *see* Exhibit C to Complaint. On January 15, 2016, the assignment was recorded in the real property records of Bexar County, Texas. *Id.* Wells Fargo is the current legal owner, holder, and mortgagee of the note. *Id.*

On February 3, 2018, Garza passed away. *Id.* The note is currently due and owing for all payments from May 1, 2018 to the present. *Id.*; ECF No. 15-1. On June 27, 2018, Ocwen Loan Servicing, the mortgage servicer for Wells Fargo at the time, sent to Garza's last known address (the property) a Notice of Default, which included the following statements: "failure to cure the default on or before the date specified in the notice will result in acceleration of the sums secured by this Security Instrument and sale of the Property" and "[u]pon acceleration, the total obligation will be immediately due and payable without further demand."[1] ECF No. 15-1 p. 4, ¶ 9, 62, 63.

On November 23, 2018, foreclosure counsel (the law firm of Mackie Wolf Zientz & Mann, P.C.) sent Garza a Notice of Acceleration of Loan Maturity. ECF No. 15 p. 67. The Notice of Acceleration included the following statements: "because of your failure to cure the default, the maturity date of the Note was accelerated effective 11/23/18..." and "[a]ll unpaid principal and accrued interest on the Note are due and payable at this time." *Id.* As of July 12, 2019, the total amount due under the note was $56,709.47. ECF No. 15-1.

---

[1] PHH Mortgage Corporation is the current mortgage servicer for Wells Fargo.

Subsequently, on March 6, 2019, Wells Fargo brought this lawsuit against Hurtado and James Garza as the only known heirs of Garza seeking a declaratory judgment permitting Wells Fargo to foreclose upon the Property pursuant to the Loan Agreement and Texas Property Code section 51.002. ECF No. 1. Wells Fargo seeks a declaration that, under Texas Estate Code §§ 101.001 and 101.051, it has a statutory probate lien on the Property that is superior against the interests of Garza's heirs. *Id.* Wells Fargo contends in its Complaint that Garza died intestate and no probate proceedings were ever initiated. *Id*.

Hurtado and James Garza filed an Answer on April 1, 2019, in which they admitted they are the only heirs to Garza and admitted all of the relevant facts outlined above, particularly: Wells Fargo is the owner, holder, and mortgagee of the subject note; no probate proceedings have been opened regarding Garza's estate; Defendants, as heirs of Garza's estate, acquired all of Garza's interest in the property immediately upon her death; and notices of default and acceleration were sent to Garza's address. *Id*. In their Answer, Defendants asserted Garza executed a will dated October 29, 1997, and they were in the process of initiating probate proceedings. ECF No. 7.

On September 3, 2019, Wells Fargo filed this Motion for Summary Judgment and served it upon Defendants' counsel. Defendants did not respond, although Defendants' counsel participated in a status conference call on October 25, 2019. In addition, other than the statement in their Answer, Defendants have not presented any information or evidence regarding the existence of Garza's purported will or whether a probate proceeding was initiated.

**BURDEN OF PROOF**

To be entitled to summary judgment, the movant must show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). "As to materiality, the substantive law will identify which facts are material," and a fact is "material" only if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," a dispute over a material fact qualifies as "genuine" within the meaning of Rule 56. *Id*. Because there must be a genuine dispute of material fact, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id*. at 247-48. There is no genuine dispute for trial when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (*quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 87 (1986)).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by asserting the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n. 16 (5th Cir. 1994).

If the movant carries that initial burden, the burden shifts to the party opposing the motion to present competent summary judgment evidence showing the existence of a genuine fact dispute. *Matsushita*, 475 U.S. at 586-87; *see also* Fed. R. Civ. P. 56(c). Summary judgment cannot be granted solely because the non-moving party failed to respond to the motion for summary judgment. *John v. Louisiana*, 757 F.2d 698, 709 (5th Cir. 1985). If the movant carries its initial burden and the nonmovant does not respond to the motion for summary judgment, the

court may accept as undisputed the facts listed in support of the motion for summary judgment and may grant the motion if those facts make "a prima facie showing of ... entitlement to judgment." *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

Wells Fargo seeks summary judgment on its request for declaratory relief regarding its right to foreclose on the property. Because Wells Fargo bears the burden of proof on this request for declaratory relief, it "must establish beyond peradventure all of the essential elements of the claim" to obtain judgment in its favor. *Fontenot v. Upjohn Co.*, 780 F,2d 1190, 1194 (5th Cir. 1986). This standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins., Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007).

## DISCUSSION

In this action, Wells Fargo seeks declaratory relief stating: it is the owner, holder, and mortgagee of the note and security instrument regarding the property; it has a statutory probate lien on the Property superior to the interests in the Property held by Defendants; and it has the right to foreclose on the property. ECF No. 1. Wells Fargo contends it is entitled to summary judgment under chapter 51 of the Texas Property Code. ECF No. 13.

In Texas, to foreclose under a security instrument with a power of sale, the lender must demonstrate: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16 § 50(a)(6) of the Texas Constitution; (3) defendants are in default under the note and security instrument; and (4) defendants received notice of default and acceleration. *Huston v. U.S. Bank Nat'l Ass'n*, 988 F.Supp.2d 732, 740 (S.D. Tex. 2013) *aff'd*, 583 Fed. Appx. 306 (5th Cir. 2014).

Wells Fargo asserts it has a statutory probate lien under the Texas Estates Code which provides it with a superior lien to the Defendants' interest in the property. ECF No. 1. Under the

5

Texas Estates Code §§ 101.001(b) and 101.051(b)(1), the "decedent's estate and its debts immediately pass to the decedent's heirs at law." *Ocwen Loan Servicing, LLC v. Deane*, 2017 WL 6816499, at *3 (N.D. Tex. Dec 1, 2017). "The remedy of one holding an unpaid claim against the estate is to enforce a statutory lien against the property in the hands of heirs, devisees, or legatees who receive estate property." *Id*. In addition, "a mortgagee is permitted to seek foreclosure of a lien against real property when a borrower is in default on its obligations under a security instrument." *See Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d at 740. Security instruments include "a deed of trust, mortgage, or other contract lien on an interest in real property." Tex. Prop. Code § 51.0001(6). The term mortgagee includes the "grantee, beneficiary, owner, or holder of a security instrument . . . or if the security instrument has been assigned of record, the last person to whom the security interest has been assigned of record." Tex. Prop. Code § 51.0001(4).

Wells Fargo presents undisputed summary judgment evidence to satisfy each element of its asserted right to foreclose under a security instrument. First, to prove a debt exists, Wells Fargo presents undisputed evidence consisting of: (1) the Affidavit of Talya Alkins, Contract Management Coordinator of PHH Mortgage Corporation, the mortgage servicer for Wells Fargo (ECF No. 15-1); (2) Texas Home Equity Note (Cash Out-Fixed Rate-First Lien) (ECF No 15-1 pg. 7); (3) Texas Home Equity Security Instrument (First Lien) (ECF No 15-1 pg. 11); and (4) the Corporate Assignment Deed of Trust, which assigned and transferred Argent's interest in the property to Wells Fargo (Exhibit C to Plaintiff's Complaint). These instruments satisfy Wells Fargo's burden to show a debt exist and it holds the note.

Next, to prove the debt is secured by a lien created under Art. 16 § 50(a)(6) of the Texas Constitution, Wells Fargo presents the Texas Home Equity Affidavit and Agreement. ECF Nos.

15-1 p. 7 and 15-1 p. 11. Both documents specifically state credit was extended for the property pursuant to Art. 16 § 50(a)(6) of the Texas Constitution. *Id*. To satisfy the third prong, Wells Fargo presents the Affidavit of Talya Alkins, Contract Management Coordinator of PHH Mortgage Corporation, the mortgage servicer for Wells Fargo (ECF No. 15-1) in which Ms. Alkins attests Defendants defaulted on the note.

With regard to the last prong of Wells Fargo's burden of proof, Ocwen Loan Servicing, the prior mortgage servicer for Wells Fargo, sent Garza a Notice of Default. ECF No. 15-1 pg. 62. As referenced above, foreclosure counsel (the law firm of Mackie Wolf Zientz & Mann, P.C.) sent Garza a Notice of Acceleration of Loan Maturity (ECF No. 15 pg. 67) to prove its compliance with Chapter 51 of the Texas Property Code.

Defendants present no summary judgment evidence to demonstrate the existence of a genuine dispute of material fact regarding any of the elements of Wells Fargo's claim. Defendants present no evidence to prove or support their contention that Ms. Gaza had a will or that they began probate proceedings.

Texas Estate Code provides that "[s]ubject to Section 101.051," if a person dies leaving a will, "all of the person's estate that is devised by the will vests immediately in the devisees" and if a person dies intestate, "the estate of a person ... vests immediately in the person's heirs at law." Tex. Est. Code Ann. § 101.001(a)(1), (b); *see also Casey v. Kelley*, 185 S.W.2d 492, 493 (Tex. Civ. App.—Fort Worth 1945, writ ref'd). "[W]hether property passes under a will or by descent and distribution, the title vests immediately upon the death of the owner." *Casey*, 185 S.W.2d at 493. Moreover, "[a] decedent's estate vests" in accordance with Sections 101.001(a) or 101.001(b), "subject to the payment of[ ] ... the debts of the decedent, except as exempted by law." Tex. Est. Code Ann. § 101.051.

7

Thus, Wells Fargo's right to foreclose on the Property "is derivative of its alleged right to a probate lien under Texas law." *Ocwen Loan Servicing LLC v. Lane*, No. A-15-CA-244-SS, 2015 WL 7301182, at *2 (W.D. Tex. Nov. 18, 2015). "The remedy of one holding an unpaid claim against the estate is to enforce a statutory lien against the property in the hands of heirs, devisees, or legatees who receive estate property." *Id*. In addition, "a mortgagee is permitted to seek foreclosure of a lien against real property when a borrower is in default on its obligations under a security instrument." *See Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d at 740. Security instruments include "a deed of trust, mortgage, or other contract lien on an interest in real property." Tex. Prop. Code § 51.0001(6). The term mortgagee includes the "grantee, beneficiary, owner, or holder of a security instrument . . . or if the security instrument has been assigned of record, the last person to whom the security interest has been assigned of record." Tex. Prop. Code § 51.0001(4).

For these reasons and based upon the undisputed pertinent facts, Wells Fargo is entitled summary judgement on its request for declaratory relief.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Wells Fargo's Motion for Summary Judgment for declaratory relief regarding its right to foreclose on the property.

It is so ORDERED.
SIGNED this 1st day of April, 2020.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE